Krsto Mijanovic (Bar No. 205060)
  kmijanovic@hbblaw.com
Patrick F. McIntyre (Bar No. 272042)
  pmcintyre@hbblaw.com
Steven A. Scordalakis (Bar No. 293212)
  sscordalakis@hbblaw.com
Lisa T. Omoto (Bar No. 303830)
  lomoto@hbblaw.com
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile:  213.542.8100

Attorneys for Defendant
LIBERTY UTILITIES (CALPECO ELECTRIC) LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY: PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY UTILITIES (CALPECO ELECTRIC), LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT LIBERTY UTILITIES (CALPECO ELECTRIC) LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. SECTION 1441]**<br>**[Diversity Jurisdiction]** |

TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, Defendant LIBERTY UTILITIES (CALPECO ELECTRIC) LLC (hereinafter "Defendant") hereby gives notice of the removal of the action *Travelers Commercial Insurance Company, et al. v. Liberty Utilities (CalPeco Electric) LLC, et al.*, Case No. 21UCM9, which is currently pending

1 in the Superior Court of California, County of Mono, to this United States District Court for the
2 Eastern District of California, Sacramento Division, on the basis of diversity of citizenship.

3      In support of such removal, Defendant states as follows:

4      1. On July 13, 2021, Plaintiffs TRAVELERS COMMERCIAL INSURANCE
5 COMPANY and PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD
6 (hereinafter "Plaintiffs") filed a Complaint in the Superior Court of California, County of Mono,
7 Case No. 21UCM9 (the "State Court Action"). A true and correct copy of the Complaint is
8 attached hereto as **Exhibit A**. (Declaration of Krsto Mijanovic ("Mijanovic Decl.") ¶2.)

9      2. Defendant first received the filed Complaint when it was emailed to Defendant's
10 counsel of record on July 20, 2021. (Mijanovic Decl. ¶ 3.)

11      3. Defendant filed its Answer to the Complaint in the State Court Action on August
12 18, 2021, a true and correct copy of which is attached hereto as **Exhibit B**. (Mijanovic Decl. ¶ 4.)

13      4. There are no other pleadings on file in the State Court Action at the time of this
14 Removal except for a Notice of Related Case, an Order Re Complex Designation, a Notice of
15 Filing Complaint, and a Notice of Case Management Conference and Order. (Mijanovic Decl. ¶
16 5.)

17      5. Pursuant to 28 U.S.C. Section 1332, this Court has original jurisdiction over the
18 Complaint. Specifically, "[t]he district courts shall have original jurisdiction of all civil actions
19 where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and
20 costs, and is between…citizens of different States." 28 U.S.C. § 1332(a).

21      6. Citizenship of a corporation is determined by its place of incorporation and its
22 principal place of business. (28 U.S.C. 1332(c).) A corporation's "principal place of business" is
23 its "nerve center" or "corporate brain. (*Hertz Corp. v. Friend*, 559 U.S. 77, 95 (2010).) It is the
24 "single place" where "a corporation's officers direct, control, and coordinate the corporation's
25 activities." (*Id*. at 92-93.)

26      7. A limited liability company is a citizen of every state of which its owners/members
27 are citizens. (*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).)
28

8.  Defendant LIBERTY UTILITIES (CALPECO ELECTRIC), LLC's sole member, at all relevant times, was, and is, Liberty Utilities Co. ("LUCo"). LUCo, at all relevant times, was, and is, a corporation duly formed under the laws of the State of Delaware; with its principal place of business ("nerve center") located in Litchfield Park, Arizona. As such, Defendant LIBERTY UTILITIES (CALPECO ELECTRIC) LLC, at all relevant times, was, and is, a resident of the States of Delaware and Arizona. (Mijanovic Decl. ¶ 6.)

9.  Plaintiff TRAVELERS COMMERCIAL INSURANCE COMPANY, at all relevant times, was, and is, a corporation duly formed under the laws of the State of Connecticut; with its principal place of business ("nerve center") located in Hartford, Connecticut. As such, Plaintiff TRAVELERS COMMERCIAL INSURANCE COMPANY, at all relevant times, was, and is, a resident of the State of Connecticut. (Mijanovic Decl. ¶ 7.)

10. Plaintiff PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD, at all relevant times, was, and is, a corporation duly formed under the laws of the State of Indiana; with its principal place of business ("nerve center") in Connecticut. As such, Plaintiff PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD, at all relevant times, was, and is, a resident of the States of Indiana and Connecticut. (Mijanovic Decl. ¶ 8.)

12. Plaintiffs' Complaint names as defendants Does 1 through 100. None of these fictitiously named defendants have been served with a copy of the Complaint or Summons. (Mijanovic Decl. ¶ 9.) Thus, these fictitiously named defendants are not parties to this action. (28 U.S.C. § 1441(b)(1) [for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"].)

13. Complete diversity exists because Plaintiffs, and each of them, and the named defendants whose citizenship is properly considered, and each of them, are citizens of different states and/or Countries. Furthermore, Defendant is not a citizen of the State in which this action was brought.

14. The amount in controversy exceeds the statutory threshold of $75,000, exclusive of interest and costs. The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. (*Hunt v.*

LU15-0000001

13874958.1                                3

*Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Meisel v. Allstate Indem. Co*., 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005).)  The court may also properly consider general, special and punitive damages as well as attorney fees.  (*Meisel*, *supra*, 357 F. Supp. 2d. at 1225.)  Moreover, where, as here, the plaintiffs' complaint "does not specify a dollar amount," diversity jurisdiction exists "if it 'facially apparent from the complaint'" that the amount in controversy exceeds the jurisdictional minimum." (*Delgado v. Bank of Am. Corp*., 2009 WL 4163525 at *6 (E.D. Cal. Nov. 23, 2009), *quoting Kroske v. U.S. Bank Corp*., 342 F.3d 976, 980 (9th Cir. 2005)); *see also Campbell v. Bridgestone/Firestone, Inc*., 2006 WL 707291 at *2 (E.D. Cal. Mar. 17, 2006) [where "asserted damages make it facially apparent that the amount in controversy exceeds $75,000," that is sufficient for a defendant to meet its burden of establishing the amount in controversy"].)  If an amount in controversy is not stated in the complaint, a "defendant's amount in controversy allegation 'should be accepted when not contested by the plaintiff or questioned by the court.'"  (*Villa v. Majestic Terminal Servs*., 2017 WL 4570759 at *2 (C.D. Cal. Oct. 12, 2017).  Here, Plaintiffs' Complaint alleges that the fire giving rise to this litigation burned in excess of 20,000 acres, destroyed 90 structures, and killed one person.  Plaintiffs specifically allege that they have paid or will pay money to their respective insureds, in accordance with their respective insurance policies, including, but not limited to, homeowners, automobile, business/commercial and property insurance policies, for damages caused by the Mountain View Fire.  Such payments include, but are not limited to, repair of real and personal property, replacement of real and personal property, additional living expenses, loss of use, and business interruption.  Plaintiffs also seek recovery of attorneys' fees, expert fees, consulting fees, and litigation costs.  Based on the foregoing allegations, the amount in controversy for this action is well in excess of $75,000.  (Exhibit A ¶¶ 2, 9, 63; and Mijanovic Decl. ¶10.)

15. Accordingly, and based on the foregoing, this Court has original jurisdiction over the Complaint; and removal to this Court from the Superior Court of California, County of Mono, is proper, pursuant to 28 U.S.C. Sections 1332 and 1441, respectively.

16. Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is timely filed within thirty days after Defendant ascertained that the case is one which is removable.

17.   Pursuant to 28 U.S.C. Section 1446(d), Defendant will promptly provide written notice of removal of this action to Plaintiffs and the Superior Court of California, County of Mono, and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Mono.

18.   All defendants who, upon information and belief, have been served, and/or have otherwise been made aware of the State Court Action, and whose citizenship is properly considered, have filed this Notice of Removal or otherwise consent to removal of this action. (Mijanovic Decl. ¶ 11.)

WHEREFORE, Defendant respectfully requests that this Court assume jurisdiction over this action in accordance with 28 U.S.C. Sections 1332, 1441, and 1446.

Dated:  August 18, 2021                     HAIGHT BROWN & BONESTEEL LLP


By:       /s/ Krsto Mijanovic
          Krsto Mijanovic
          Patrick F. McIntyre
          Steven A. Scordalakis
          Lisa T. Omoto
          Attorneys for Defendant
          LIBERTY UTILITIES (CALPECO ELECTRIC) LLC